# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 27, 2026

| | | |
|---|---|---|
| MAUREEN NELSON, | * | |
| Petitioner, | * | No. 19-438V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
*Julia Marter Collison*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 25, 2019, Maureen Nelson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program").[3] Pet., ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine she received on December 22, 2016, caused her to develop Guillain-Barré Syndrome ("GBS"). *Id*. On May 8, 2025, I issued a decision awarding damages. ECF No. 142.

On September 28, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 148. Petitioner requests total attorneys' fees and costs in the amount of $219,865.71, representing $212,518.33 in attorneys' fees and $7,347.38 in attorneys' costs. Pet'r's Mot. for AFC at 7. Petitioner states that she did not personally incur any expenses related to the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

[3] Petitioner filed an amended petition on May 20, 2019. Am. Pet., ECF No. 11.

prosecution of her petition. Pet'r's Mot. for AFC, Tab 6. Respondent responded to the motion on September 30, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4, ECF No. 149. Petitioner filed a reply on October 1, 2025. *See* Pet'r's Reply, ECF No. 150.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a damages decision, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of*

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[4]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Robert Krakow, $435.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, $584.00 per hour for work performed in 2024, and $627.00 per hour for work performed in 2025; and for Mr. Elan Gerstmann, $520.00 for work performed in 2023. Pet'r's Mot. for AFC at 14; *see* Tab 2. For paralegal work, Petitioner also requests $150.00 per hour for work performed in 2018, $156.00 per hour for work performed in 2019, $163.00 per hour for work performed in 2020, $172.00 per hour for work performed in 2021, $177.00 per hour for work performed in 2022, $186.00 per hour for work performed in 2023, $197.00 per hour for work performed in 2024, and $212.00 per hour for work performed in 2025. *See id*. The rate requested for work performed by Mr. Krakow in 2025 requires an adjustment.

Mr. Krakow was previously awarded a lower rate of $584.00 for work performed in 2025. *See, e.g., Kravtin v. Sec'y of Health & Human. Servs.*, No. 24-0661V, 2026 WL 2455117, a *2 (Fed. Cl. Spec. Mstr. July 14, 2026); *Kotch v. Sec'y of Health & Human Servs.*, No. 19-675V, 2025 WL 1693555, at *2 (Fed. Cl. Spec. Mstr. May 20, 2025). I find no reason to deviate from those prior determinations, and it otherwise is not the practice of OSM to adjust rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Human Servs.*, No. 19-1882, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2023). Accordingly, I reduce Mr. Krakow's 2025 rate to be consistent with the previous determinations. This results in a reduction of **$3,691.55**.[5]

Additionally, it appears that both counsel and the paralegal billed several entries at incorrect rates. On March 27, 2018, Mr. Krakow billed 1.7 hours at $627.00 per hour (instead of his approved rate of $450.00 for 2018); on October 22, 2022, Mr. Krakow billed 3.6 hours at $627.00 per hour (instead of his approved rate of $525.00 for 2022); on March 17, 2023, paralegal LeeAnn Ducat billed 0.2 hours at $553.00 per hour (instead of the approved paralegal rate of $186.00 for 2023); on October 14, 2024, Ms. Ducat billed 0.3 hours at $584.00 per hour (instead of the approved paralegal rate of $197.00 for 2024); and on May 7, 2025, Ms. Ducat billed 0.15 hours at $627.00 per hour (instead of the approved paralegal rate of $212.00 for 2025). Pet'r's Mot. for AFC, Tab 2 at 2, 48, 54, 87, 97. Applying the correct rates to the aforementioned years results in a reduction of **$919.85**. [6]

---

[4] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[5] This amount is calculated as: ($627.00-$584.00) x 85.85 hours = **$3,691.55**

[6] This amount is calculated as: (($627.00-$450.00) x 1.7 hours) + (($627.00-$525.00) x 3.6 hours) + (($553.00-$186.00) x 0.2 hours) + (($584.00-$197.00) x 0.3 hours) + (($627.00-$212.00) x 0.15 hours)) = **$919.85**.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

I have reviewed the submitted billing entries and find that an overall reduction in billing is reasonable and necessary.

I have identified more than 30 billing entries reflecting tasks considered administrative in nature including preparing basic documents like notices of filing and exhibit lists, preparing exhibits for filing, filing documents, scanning, organizing and sorting documents, cleaning files, and traveling to the post office. *See* Pet'r's Mot. for AFC, Tab 2 at 11, 13, 20, 23, 27-29, 35, 46, 54, 58, 61-64, 68, 82-83, 85, 87-88, 91-92, 94, 98. It is well established in the Program that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g., McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) *rev'd* on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." *Saxton*, 3 F. 3d at 1521. In this case, I find that a 2% reduction in overall fees reasonable. This results in a reduction of **$4,158.14**.[7]

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $203,748.79.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $7,229.84 in attorneys' costs. *See* Pet'r's Mot. for AFC, Tab 3 at 1-2. These costs are comprised of acquiring medical records, photocopying, the Court's filing fee, postage, wire transfer fees, and life care planner services provided by Valerie V. Parisi at National Medical Consultants, P.C. *See id.*

Ms. Parisi billed a flat $4,500.00 retainer for her services. Pet'r's Mot. for AFC, Tab 7 at 1. No contemporaneous billing records were submitted to support Ms. Parisi's billing; however, in her motion, Petitioner explains

---

[7] This amount is calculated as $212,518.33 - $4,611.40 (prior reductions) x 0.02 = **$4,158.14**.

> The flat fee for Ms. Parisi's work as a life care planner is very reasonable, considering the labor-intensive and skilled work required for her to develop a life care plan . . . . The life care plan prepared by Ms. Parisi formed the basis for the Petitioner's position on life care, which resulted in critical financial payments to Ms. Nelson to fulfill her life care needs. Thus, Ms. Parisi's work was reasonable and necessary for the presentation of Petitioner's case.

Pet'r's Mot. for AFC at 27-28.

Under the Vaccine Program's practice guidelines, an "expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78. Additionally, "the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records." *Id*. Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. *See Vogler v. Sec'y of Health & Human Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013). This is true even if an expert is only paid a retainer fee. Although Ms. Parisi did not provide detailed billing records, I find that the amount she billed for her services was reasonable and will award it in full. Counsel is cautioned that a future failure to provide contemporaneous billing records for expert services could result in a reduction or denial of compensation for those costs.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $212,518.33 |
| (Reduction of Fees) | ($8,769.54) |
| **Total Attorneys' Fees Awarded** | **$203,748.79** |
| | |
| Attorneys' Costs Requested | $7,347.38 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,347.38** |
| | |
| **Total Attorneys' Fees and Costs** | **$211,096.17** |

**Accordingly, I award Petitioner a lump sum in the amount of $211,096.17, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.